IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HEATHER LINDSEY and GEREMY K. LOPEZ, individually and as Guardians Ad Litem for RFL, their minor daughter, | ) ) ) ) | CIVIL NO. 11-00713 JMS/KSC |
| | ) | ORDER DENYING DEFENDANTS' |
| Plaintiffs, | ) ) ) | PAT BERGIN, ALLYSON TAMURA, AND KEOMAILANI CASE, in their individual capacities, MOTION TO DISMISS |
| vs. | ) ) | COMPLAINT FILED NOVEMBER 28, 2011 |
| KATHRYN S. MATAYOSHI in her official capacity as State Superintendent, Department of Education; KANU O KA 'AINA NEW CENTURY PUBLIC CHARTER SCHOOL; PAT BERGIN; ALLYSON TAMURA; KEOMAILANI CASE; JOHN and/or DOES 1-20; DOE CORPORATIONS 1-10; DOE NON-PROFIT CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |

## ORDER DENYING DEFENDANTS' PAT BERGIN, ALLYSON TAMURA, AND KEOMAILANI CASE, in their individual capacities, MOTION TO DISMISS COMPLAINT FILED NOVEMBER 28, 2011

## I. INTRODUCTION

On November 28, 2011, Plaintiffs Heather Lindsey and Geremy K.

Lopez, individually and as guardians ad litem for RFL, their minor daughter,

(collectively, "Plaintiffs"), filed this action against Kathryn S. Matayoshi in her

official capacity as State Superintendent, Department of Education  ("Matayoshi");

Kanu O Ka 'Aina New Century Public Charter School ("Kanu"); and Pat Bergin

("Bergin"), Allyson Tamura ("Tamura"), and Keomailani Case ("Case") in their

official and individual capacities, (collectively, "Defendants").  RFL was

suspended and later expelled from Kanu, a public charter school on the Big Island,

and Plaintiffs assert, among other things, that RFL's expulsion violates their due

process rights pursuant to the United States and State of Hawaii Constitutions.

Currently before the court is Defendants Bergin, Tamura, and Case's

Motion to Dismiss, in which they argue that Plaintiffs' due process claims fail and

that the court should decline supplemental jurisdiction over Plaintiffs' remaining

state law claims.  All other Defendants join in this Motion.  Doc. No. 38.  Based on

the following, the court finds that the Complaint states a valid due process claim

that Defendants denied RFL an education without adequate process and therefore

DENIES Defendants' Motion to Dismiss.

## II. <u>BACKGROUND</u>

### A.    Factual Background

As alleged in the Complaint, on August 4, 2011, Plaintiffs enrolled

their fourteen-year-old daughter RFL at Kanu.[1]  Doc. No. 1, Compl. ¶ 11.  Up until

---

[1]  As a charter school, Kanu has been given "the flexibility and independent authority to
(continued...)

October 18, 2011, RFL was successfully completing all of her assignments,

receiving acceptable grades, following directions well, and demonstrating "an

exceptional attitude," as stated in reports by Kanu to Plaintiffs.  *Id.* ¶ 12.

On October 18, 2011, RFL got into an altercation with a female

schoolmate in which each girl struck the other a single time before they were

separated and taken to Kanu's administrative office.  *Id.* ¶ 13.  Heather Lindsey

was notified of the altercation and informed that RFL would be suspended for two

days.  *Id.* ¶ 14.  On October 19, 2011, however, Tamura informed Plaintiffs that

RFL "is not a good fit" with Kanu such that RFL would not be permitted to return

to Kanu.  *Id.* ¶ 15.

Kanu did not offer or conduct any hearing or provide any written

notices or explanations of their determination that RFL could not return to Kanu.

*Id.* ¶ 16.  Plaintiffs subsequently attended a meeting of the Kanu school board at

which they expressed their concerns and requested that RFL be permitted to return

to Kanu.  *Id.* ¶ 17.  On November 5, 2011, Plaintiffs received an e-mail from Kanu

---

[1](...continued)

implement alternative frameworks with regard to curriculum, facilities management, instructional approach, virtual education, length of the school day, week, or year, and personnel management."  Hawaii Revised Statutes ("HRS") § 302 B-1.  Although governed by a local school board that is the autonomous governing body of Kanu, *id.* § 302B-7(c), the Hawaii Department of Education still maintains responsibility for providing a free appropriate public education.  HRS § 302B-15.

informing them that the school board had upheld the decisions of Kanu's

administrators to suspend RFL and prevent her from returning to school.  *Id.* ¶ 18.

On November 28, 2011 Complaint, RFL had been

out of school and denied any and all educational services since the October 18,

2011 altercation.  *Id.* ¶ 19.

**B.     Procedural Background**

On November 28, 2011, Plaintiffs filed their Complaint against

Defendants asserting claims for violation of their due process rights pursuant to the

United States and Hawaii state constitutions, and state law claims for intentional

infliction of emotional distress and negligence.

On March 5, 2012, Defendants filed their Motion to Dismiss.

Plaintiffs filed an Opposition on April 23, 2012, and Defendants filed a Reply on

May 1, 2012.  Pursuant to Local Rule 7.2(d), the court determines the Motion to

Dismiss without a hearing.

## III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader

is entitled to relief as required by Rule 8.  *Iqbal*, 556 U.S. at 679.

## IV.  <u>DISCUSSION</u>

The parties dispute whether Plaintiffs have asserted a legally

cognizable due process violation based on RFL's expulsion from Kanu.[2]  "A

procedural due process claim has two elements: deprivation of a constitutionally-

protected liberty or property interest, and denial of adequate procedural

protection."  *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*,

616 F.3d 963, 970 (9th Cir. 2010) (citing *Brewster v. Bd. of Educ. of the Lynwood*

*Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).  Defendants argue that

neither element of Plaintiffs' due process claim is met because RFL was not denied

any protected interest in her public education and in any event, the procedure

provided for her expulsion was adequate.  The court addresses these arguments in

turn.

---

[2]  The parties' briefing shows some dispute as to the scope of Plaintiffs' constitutional claims.  Defendants originally argued that Plaintiffs cannot state a due process claim based on RFL's two-day suspension, but Plaintiffs clarified in their Opposition that their due process claim is limited to RFL's expulsion only.  Also in their Opposition, however, Plaintiffs assert that the facts alleged in the Complaint establish an equal protection claim.  Although Defendants address the viability of such claim in their Reply, the Complaint does not include an equal protection claim.  If Plaintiffs wish to assert an equal protection claim, they can seek to file an Amended Complaint.  The court therefore limits its analysis to the sole federal claim in the Complaint -- whether the Complaint asserts a due process violation based on RFL's expulsion.

1. ***Whether the Complaint Asserts that RFL Was Denied a Protected Interest***

In general, Hawaii students have a protected interest in their public education. "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Because the State of Hawaii provides schooling for all children between the ages of six and eighteen, *see* Hawaii Revised Statutes ("HRS") § 302A-1132, RFL has a property interest in her education. *See, e.g.*, *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (holding that a student has a property interest in her education where Ohio created free education for residents between the ages of five and twenty-one).

Although the Ninth Circuit has not addressed the precise issue presented in this action, other courts have held that an entitlement to public education does not include the right to attend a particular school. Specifically, "a student who is removed from her regular public school, but is given access to an alternative education program, has not been denied her entitlement to public education." *Swindle v. Livingston Parish Sch. Bd.*, 655 F.3d 386, 394 (5th Cir. 2011); *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th

Cir. 2011) ("[A] student's transfer [from her regular school] to an alternative education program does not deny access to public education, and therefore does not violate the Fourteenth Amendment interest."); *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1359 (6th Cir. 1996) (explaining that the student "may not have procedural due process rights to notice and an opportunity to be heard when the sanction imposed is attendance at an alternative school absent some showing that the education received at the alternative school is significantly different from or inferior to that received at his regular public school"); *Zamora v. Pomeroy*, 639 F.2d 662, 669-70 (10th Cir. 1981) (determining no due process violation where student was transferred to different school, resulting in no deprivation of education to student); *see also C.B. By and Through Breeding v. Driscoll*, 82 F.3d 383, 389 n.5 (11th Cir. 1996) (expressing "doubt" as to whether student has a property interest in attending one school as opposed to the one he was assigned).

Defendants argue that this caselaw applies in this action to bar Plaintiffs' due process claim because they offered RFL other educational opportunities outside of Kanu. The Complaint, however, includes no allegations that RFL was offered alternative education. Indeed, the Complaint asserts that as of the date of its filing, "RFL has been and continues to be out of school and has been denied a public education and any and all educational services for a

8

prolonged and indefinite period of time." Doc. No. 1, Compl. ¶ 19. Taking this allegation as true, the Complaint asserts a valid due process violation -- that RFL was denied a public education (at least for a certain period of time).

Attempting to get past the allegations of the Complaint, Defendants request the court to take judicial notice of correspondence between Kanu and Plaintiffs' counsel offering to facilitate RFL's transfer to another public school. *See* Doc. No. 25-1, Defs.' Mot. at 3-4, n.1. Specifically, after this action was filed, Kanu asserted in a February 1, 2012 letter that it "continues to stand ready and available to facilitate [RFL's] transfer to her geographic home school . . . ." Doc. No. 25-3, Defs.' Ex. A. This letter does not support dismissal of Plaintiffs' due process claims at this stage of the proceedings for several reasons.

As an initial matter, the court cannot consider the February 1, 2012 letter on a Rule 12(b)(6) motion. On a Rule 12(b)(6) motion, the court may consider: (1) the complaint, documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, and the pleadings of the action, *see Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); (2) documents not attached to the complaint, but whose authenticity is not in question, and upon which the complaint necessarily relies, or which it incorporates by

reference, *see Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); and

(3) documents and materials of which the court may take judicial notice, *see*

*Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

       The February 1, 2012 letter does not fit into any of these categories.

The Complaint includes no exhibits and does not refer and/or rely on the February

1, 2012 letter (and indeed, the Complaint could not have included this letter given

that it is dated after the Complaint).  Further, even though Plaintiffs submitted the

February 1, 2012 letter as an exhibit to their Motions for Temporary Restraining

Order (subsequently withdrawn without prejudice), motions and their exhibits are

not pleadings.  *See* Fed. R. Civ. P. 7 (defining "pleadings" as opposed to "motions

and other papers").  Finally, the February 1, 2012 letter on its own is not subject to

judicial notice.  Facts are subject to judicial notice only if they are either "generally

known" or "capable of accurate and ready determination by resort to sources

whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).  That

Plaintiffs previously submitted this letter to the court does not establish that it can

be readily confirmed by indisputably accurate sources.

       Further, even if the court did consider the February 1, 2012 letter (and

converted the Motion to Dismiss into one for summary judgment), there is still a

genuine issue of material fact whether RFL was provided an education.

Specifically, the caselaw discussed above addresses the lack of a due process

violation where a student is *transferred* from one school to another; it does not

address the situation presented here where a student is not provided any education

for several months.  As a result, open questions remain that cannot be resolved at

this time and based on the briefing provided by the parties -- *i.e.*, whether

Defendants violated RFL's due process rights when RFL was expelled from Kanu

and was not provided alternative education for several months.

### 2.    *Whether Plaintiffs Were Provided Adequate Procedure*

Defendants further argue that even if RFL was deprived a property

right, the Complaint admits that Plaintiffs were provided a hearing such that there

is no due process violation.  Although it is true that the Complaint asserts that

"Plaintiffs attended a meeting of the Kanu school board chaired by Defendant Case

at which they expressed their concerns about [RFL's] expulsion," Doc. No. 1,

Compl. ¶ 17, this meeting occurred after the expulsion decision and the details of

this meeting are too vague for the court to determine whether it provided them due

process.[3]  *See Black Coal. v. Portland Sch. Dist. No. 1*, 484 F.2d 1040, 1045 (9th

---

[3]  Plaintiffs argue that the procedure provided did not comply with the procedural
requirements outlined in the Hawaii Administrative Rules ("HAR").  Because Kanu is a charter
school, the HAR may not apply to it.  *See* HRS § 302B-9(a) (providing that "[c]harter schools
shall be exempt from chapters 91 and 92 and all other state laws in conflict with this chapter
. . . .").  At this time, however, the court need not determine the precise procedure Defendants
(continued...)

Cir. 1973) (stating that expulsion procedures are unconstitutional if they fail "to

provide a hearing at which the student could be represented by counsel and,

through counsel, present witnesses on his own behalf, and crossexamine adverse

witnesses"); *see also Goss*, 419 U.S. at 584 ("Longer suspensions or expulsions for

the remainder of the school term, or permanently, may require more formal

procedures."); *Remer v. Burlington Area Sch. Dist.*, 286 F.2d 1007, 1012 (7th Cir.

2002) (explaining that "when a penalty that is 'tantamount to expulsion' is

involved, the school authority must afford the student an opportunity to present

evidence and argument in mitigation" (citing *Lamb v. Panhandle Community Unit

Sch. Dist. No. 2*, 826 F.2d 526 (7th Cir. 1987))).  The court therefore DENIES

Defendants' Motion to Dismiss.

## V.  <u>CONCLUSION</u>

For the reasons stated above, the court DENIES Defendants' Motion

to Dismiss.  Plaintiffs' claims for violation of their due process rights pursuant to

the United States and Hawaii state constitutions based on RFL's expulsion from

Kanu, and state law claims for intentional infliction of emotional distress and

negligence, remain.  Plaintiffs are not, however, asserting a due process claim

///

---

[3](...continued)
were required to follow to expel RFL, or whether the procedures provided were sufficient.

based on RFL's two-day suspension and the Complaint does not assert an equal

protection claim.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, May 9, 2012.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Lindsey et al. v. Matayoshi et al.*, Civ. No. 11-00713 JMS/KSC, Order Denying Defendants' Pat
Bergin, Allyson Tamura, and Keomailani Case, in their individual capacities, Motion to Dismiss
Complaint Filed November 28, 2011